**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**TOREY SMITH MILLER**                                               **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:20-cv-00516-CWR-LGI**

**ERICA B., ROBERT UNKNOWN,**
**KRYSTALS COMPANY**                                         **DEFENDANTS**

**REPORT AND RECCOMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause comes on the *sua sponte* motion of the Court. Plaintiff Torey Smith filed a Complaint in this action on August 7, 2020. This case has been pending for ten (10) months and Plaintiff has failed to perfect service of process upon any of the three (3) Defendants. The Court recommends Defendant Robert Unknown be dismissed in accordance with Plaintiff's representation to the Court that she is unable to locate Defendant Robert Unknown and agrees to dismiss Defendant Robert Unknown. The Court further finds that Plaintiff's attempted service on Defendant Erica B. and Defendant Krystal Company is insufficient service of process.

Plaintiff did not timely serve Defendant Robert Unknown, even after the Court granted an extension of time to serve process. *See* Text-Only Order entered on October 8, 2020. The Court entered an Order to Show Cause [11] on April 30, 2021, requiring Plaintiff to perfect service of process upon Defendant Robert Unknown and show cause as to why Plaintiff did not timely perfect service of process upon Defendant Robert Unknown. *See* Doc. 11 at 1. The Court's Order notified Plaintiff that Plaintiff's failure to respond may result in Defendant Robert Unknown being dismissed from this civil action without further notice. Plaintiff filed a Response to the Order to Show Cause on May 7, 2021, stating that Plaintiff "will agree with the Court to dismiss Mr. Robert

Unknown from the Claim [because] it's my belief I will not be able to locate Mr. Robert Unknown . . . [Plaintiff] will not disagree is Court finds at this stage of the suit to dismiss Robert Unknown." For these reasons, the undersigned recommends that Defendant Robert Unknown be dismissed without prejudice.

Furthermore, the docket reflects service of process was attempted for Defendant Erica B. and Defendant Krystal Company on September 3, 2020. *See* Doc. 5 and 6. The Summons for Defendant Erica B. was delivered to 1257 W. Government Street Brandon, MS 39042. The Erica B. Summons provides a handwritten note stating that "Jack contacted Erica B. and stated Erica B. advised her to accept the process on her behalf." *See* Doc. 5 at 1. The receipt specifies that Beverly Jack, the store manager of the Brandon, MS location of Krystal, was the individual served with Plaintiff's Summons for Erica B. The Summons for Krystal Company was also delivered to 1257 W. Government Street Brandon, MS 39042 and Beverly Jack was the recipient of the Summons directed to Krystal Company.

Rule 4 allows for service of process on an individual in the Southern District of Mississippi by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

For a corporation, such as Krystal Company, Rule 4 allows for service of process by following the ordinary state procedure or "by delivering a copy of the summons and of the

complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. 4(h)(1). Mississippi procedure describes a substantially similar method for serving process on a domestic corporation. Miss. R. Civ. 4(d)(4) (allowing service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process").

Plaintiff facilitated the summonses to be hand-delivered to the Krystal Company's storefront location at 1257 W. Government Street Brandon, MS 39042, where Beverly Jack accepted the summonses. No party designated Ms. Jack as an agent authorized to accept process on their behalf, and she is not an officer of Krystal Company. Plaintiff's prior attempts to perfect service are insufficient as a matter of law.

While Plaintiff has had more than a reasonable amount of time to serve process, in the interests of justice, the Court will allow Plaintiff one final opportunity to serve process on each Defendant. The Court therefore orders Plaintiff to accomplish valid service of process upon Erica B. and Krystal Company and to file proof of valid service on or before June 30, 2021. No additional extensions of the service deadline will be allowed absent extraordinary circumstances. Should Plaintiff fail to accomplish valid service of process and file proof of valid service by June 30, 2021, the undersigned recommends that Defendant Erica B. and Defendant Krystal Company be dismissed without prejudice. Alternatively, if Plaintiff files a timely objection to this Report and Recommendation, demonstrating that she properly served the Defendants with timely service of process, she should be allowed to proceed on her claims.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within fourteen (14) days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within seven (7) days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 15th day of June, 2021.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE